### G.A YOSO vs. WIKOFF.

The defendant cannot plead title in himself to a possessory action,

Parties have no right to interrogate the judge.

APPEAL from the court of the third district, the judge of the district presiding.

PORTER, J. delivered the opinion of the court. The petitioner states that, for the last six years he has been the owner and possessor of a negro slave named Henney, during which time he has always possessed her as owner: that the defendant fraudulently and without the consent of the petitioner, has taken the slave into his possession and refused to deliver her up. The petition concludes by a prayer that the defendant may be ordered to restore possession of the slave, and pay two hundred dollars damages for her detention—that possession of the property sued may be decreed to be in the plaintiff until the decision of the cause, and that she be sequestered and put in the hands of the sheriff.

The defendant by his answer denied that

the slave sued for had ever been the plaintiff's,

or in his possession as owner. That on the contrary she belonged to the respondent, and he prayed that she might be decreed by the court to be such.

This answer was filed on the 6th June, 1826. In January, 1828, the defendant offered an amended answer: By which he set up title to the property by a demand in reconvention, and averred that the only possession the plaintiff ever had of the slave was as depositary of the defendant.

The judge of the fourth district, who presided at the term of the court at which the answer was presented, refused leave to file it, grounding his refusal on the 53d article of the code of practice which declares, that the possesory action excludes any testimony relative to the property. The court in its opinion declared, that it seemed to be a conclusion from this provision, that a plea could not be received in relation to matters, of which the law prohibited any proof to be given.

To this refusal of the judge to permit the annexed answer to be filed, the defendant took a bill of exceptions.

It appears to this court, that the judge below did not err in refusing the defendant permission to set up title to the property. The provision of the code of practice is peremptory in excluding all such matters in possessory actions. The allegation in the petition that the plaintiff had possessed as owner does not make the suit a petitiory one. It is an averment of the manner in which he had possessed. The prayer in the petition is for possession alone. Neither can the circumstance of the demand being set up in reconvention aid the defendant, for however strong the right might be in general principles of law, the code of practice by the 55th article forbids it. The provision is in these words: "He who is sued in a possessory action cannot bring a petitory action until after a judgment shall have been rendered in the possessory action, and until, if he has been condemned, he shall have satisfied the judgment given against him." A demand in reconvention is in law a new suit, and the prohibition applies as well to this mode of bringing it as any other. *See the case of La-nusse' Syndics* vs. *Pimpienilla, vol.* 4, 439.

The other branch of the answer was unne-

cessary; as the defendant could under the ori- Eastern Dist *Febr'y* 1829.
ginal one have given evidence to shew that the Gayoso
possession of the plaintiff was as the deposita- *vs.'*<br>Wikofe.
ry of the defendant.

The cause was not tried at the term the amended answer was proposed and rejected; and at the next term, when another judge presided, the defendant renewed his application to place the answer on the files of the court. The judge refused him permission to do so, declaring that, as the same answer had been rejected by another judge, he could not admit it, not having the power to revise his judgments. In this opinion we are not sure whether the judge was correct, for he perhaps had the same authority to consider this application, as if the decision had been made by himself at the former term. But we have no opinion formed on this point, for it is not necessary to the decision of the case. The judge did not err in rejecting it, from the considerations we have already expressed, and we do not sit here to review his reasons, but to correct his judgments.

As soon as the plaintiff had read his petition the defendant *propounded the following*

Eastern Dist
Feb'y, 1829.

GAYOSO
vs.
WIKOFF.

*question* as the bill of exception states, to the judge. "Inasmuch as the plaintiff in his petition sets forth that he has been for six years owner and possessor of the slave sued for, is this a petitory or possessory action?" The judge considering the point as already decided by the judge of the fourth district when he excluded the amended answer, refused to give any reply to the question. We are unacquainted with any rule of law or practice which authorises counsel, or parties, on the opening of a case, to propound interrogatories in this way to judges, and the learned person who presided in the court might well have declined giving any reply, until the appearing of evidence required of him to declare his opinion, or until a decision on the merits rendered it necessary for him to do so. We certainly do not think the decision of his brother judge excluding the answer prevented him from deciding any point afterwards arising in the case, as his judgment of the law might require him to do: for a decision on an interlocutory question during the pendency of a cause does not preclude a decision on other interlocutory matters in which the same principle of law may be in-

volved. But as a direct answer to the ques- Eastern Dist
tion, if it had been put at a proper time, must *Feb'ry* 1829.
have been unfavourable to the defendant, we GAYOSO
cannot send the cause back on that ground. *vs.*
WIKOFF.
More especially as we perceive by another
bill of exceptions, that the silence of the judge
did not prevent the appellant from requiring
and obtaining his opinion on this point, at ano-
ther stage of the cause when the defendant of-
fered evidence of title. That evidence was
rejected, and in our opinion correctly, as the
suit was a possessory one.

On the merits we can discover no error in
the judgment of the court below, and it is there-
fore ordered, adjudged and decreed that it be
affirmed with costs.

*Hennen* for plaintiff—*Morse* for defendant.